## Greene v. Eversole.

Jan. 25, 1944.

438

James S. Greene, Jr., for appellant.

J. B. Carter and Astor Hogg for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

The appeal is from a judgment in favor of Virgil Eversole, plaintiff below, against James S. Greene, Sr., defendant below, by which the defendant was mandatorily enjoined to remove a stone wall constructed by him along the front of certain lots owned by him in the city of Harlan, Kentucky, whereby a passway which the plaintiff was accustomed to use has been permanently obstructed and closed. The construction of the wall was commenced in September, 1942, and continued for over two months, being completed in November of that year. The plaintiff testified that the passway was obstructed in September. The record shows that he made no protest concerning the closing of the passway until after the construction was completed, although the passway was obstructed at the commencement of the construction. The construction cost $480, and the evidence shows that it would require the expenditure of between $100 and $150 to remove the wall.

The relief sought is strictly equitable. It is apparent from the above facts that plaintiff stood by without protest and permitted the defendant to expend a large sum of money in the construction of the wall and filling of the ground adjacent thereto, and did not seek equitable relief until after the construction was fully completed; whereas, if entitled to the relief at all, he could have prevented the closing of the passway when work was first commenced. In 28 Am. Juris., Section 68, p. 263, the author announces the following principle: "The nature of the relief which equity affords by mandatory injunctions calls for prompt action on the part of those imposed upon. This is particularly true where the injunction is sought to compel the removal of structures, for they are usually of such character as to cost and time consumed in their erection as to result in great disadvantage to the one offending in remedying the wrong after the structure has been erected. Even though the injury is clear, any unreasonable delay will, in such cases, bar the right to the remedy."

The above rule has been adopted by this Court in many cases. Trimble v. King, 131 Ky. 1, 114 S. W. 317, 22 L. R. A., N. S., 880; Herr et al. v. Central Kentucky Lunatic Asylum, 110 Ky. 282, 61 S. W. 283; Brandenburg v. Petroleum Exploration et al., 218 Ky. 557, 291 S. W. 757. In the case of Trimble v. King, supra [131 Ky. 1, 114 S. W. 319, 22 L. R. A., N. S., 880] after pronouncing, in substance, the principle above set out, the Court said: "Applying to the facts of this case the principles announced in the foregoing authorities, we have no difficulty in determining that they make out a perfect case of equitable estoppel. The parties complaining knew they had a right to the passway. They saw, without protest or objection, appellee close it. They saw the expenditure by him of large sums of money in improvements induced by the closure, and they will not now be heard to dispute his right to do that which they tacitly consented he might do."

In the same opinion, citing Wright v. Williams, 77 S. W. 1128, 25 Ky. Law Rep. 1377, the Court said: "If a person may be divested of title to land by estoppel—and of this there is no doubt—we see no reason why he may not be deprived of the right to an easement upon land."

We believe no further citation of authorities necessary to support our conclusion that, since the relief sought is equitable in its nature, the plaintiff is estopped by his failure to exercise diligently the right he now asserts. The maxim that "equity aids the vigilant, not those who sleep on their rights" has peculiar force when the injunctive power of the Court is invoked. 28 Am. Juris., Sec. 61, p. 257. The decision in this case is based upon principles peculiarly applied by courts of equity, and nothing said in this opinion shall be construed to affect the rights of the plaintiff, if any he has, in an action at law for damages by reason of the acts complained of.

The judgment is reversed.